**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1713-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TINA LUNNEY,

     Defendant-Appellant.

_____

> Submitted April 15, 2024 – Decided September 5, 2024
>
> Before Judges Gilson and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 10-01-0190.
>
> Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Braden Bendon Couch, Assistant Prosecutor, of counsel and on the brief).
>
> Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Tina Lunney appeals from a January 2, 2023 order denying her petition for post-conviction relief (PCR) following an evidentiary hearing. After reviewing the arguments, the record, and the applicable law, we affirm.

I.

In January 2010, a grand jury indicted defendant on charges of first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2) (count one); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count two); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count three). A jury convicted defendant on all counts. Defendant was subsequently sentenced to a forty-year prison term with an eighty-five percent parole disqualifier pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the murder conviction. The other two convictions were merged with the murder conviction.

The details of defendant's offenses are recounted thoroughly in our unpublished opinion affirming defendant's conviction and sentence on direct appeal, which need not be repeated here. State v. Lunney, No. A-0774-13 (App. Div. Apr. 21, 2016). Defendant appealed the denial of her motion to suppress a July 27, 2009 statement to the police. In the direct appeal, we concluded: (1)

the record made "clear that the motion judge considered the lack of recordation of the Miranda[1] warnings and waiver as a factor in analyzing whether defendant understood and waived her rights knowingly, voluntarily, and intelligently"; (2) defendant was "neither cognitively nor incapable of abstract comprehension"; (3) the record amply supported the judge's findings that "defendant's statements were logical, relevant, and she thoughtfully and appropriately answered the questions asked"; and (4) defendant did not adduce "credible evidence of specific police conduct rendering her statement involuntary." Lunney, slip op. at 5, 11, 12. We also rejected defendant's argument that she neither acknowledged nor understood her Miranda warnings because she signed the Miranda waiver form after it was read to her in its entirety. Id. at 12. Defendant's petition for certification was denied. State v. Lunney, 227 N.J. 240 (2016). The United States Supreme Court denied defendant's petition for certiorari on October 2, 2017. Lunney v. New Jersey, 138 S. Ct. 56 (2017).

In October 2017, defendant filed a PCR petition, asserting claims of ineffective assistance of counsel. Following oral argument, the PCR court determined that defendant established ineffective assistance of counsel on two

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-1713-22

claims and granted an evidentiary hearing to address the trial counsel's failure to present a diminished capacity or an insanity defense on the murder charge and whether counsel misled defendant about the strength of the State's case causing defendant to reject the plea.

After conducting an evidentiary hearing on those two discrete issues, in a May 28, 2019 written opinion, the PCR court denied defendant's motion. The court found that "the record [was] bereft of any grounds to find that defense counsel's trial strategy of not invoking the insanity defense or a defense of diminished capacity. There was a reasonable basis for trial counsel's strategic decision not to invoke either defense." As to the second claim regarding counsel's advice and defendant's rejection of the plea, the court determined that defendant failed to meet her burden on the first prong under Strickland v. Washington, 466 U.S. 668, 686 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987). We affirmed the denial of defendant's two claims but remanded the matter for the PCR court to address other arguments not considered in the court's written opinion. State v. Lunney, No. A-5524-18 (Jan. 18, 2022). Defendant's petition for certification was denied by our Supreme Court. State v. Lunney, 251 N.J. 473 (2022).

4

In defendant's PCR counsel's brief, she asserted:

> I. WHEN TRIAL COUNSEL OPENED THE DOOR TO PSYCHIATRIST DR. PAUL'S REPORT, HE UNDERMINED HIS CLIENT'S DEFENSE.
>
> II. TRIAL COUNSEL FAILED TO PRESENT A DIMINISHED CAPACITY OR INSANITY DEFENSE TO THE HOMICIDE CHARGE.
>
> III. TRIAL COUNSEL WAS INEFFECTIVE BY DENYING HIS CLIENT THE OPPORTUNITY TO TESTIFY AT THE <u>MIRANDA</u> HEARING.
>
> IV. TRIAL COUNSEL FAILED TO ASK THE TRIAL COURT TO REOPEN THE <u>MIRANDA</u> HEARING AFTER DETECTIVE PRACHAR'S INCONSISTENT TESTIMONY AT TRIAL.
>
> V. TRIAL COUNSEL FAILED TO OBJECT TO THE STATE'S PREJUDICIAL REMARKS DURING CLOSING.
>
> VI. BECAUSE TRIAL COUNSEL MISLED PETITIONER AS TO THE STRENGTH OF THE STATE'S CASE, PETITIONER REJECTED THE STATE'S PLEA OFFER.
>
> VII. TRIAL COUNSEL WAS INEFFECTIVE WHEN HE ALLOWED THE TRIAL COURT TO IMPROPERLY EXCLUDE HIS CLIENT FROM CERTAIN PRETRIAL PROCEEDINGS.
>
> VIII. DEFENSE COUNSEL'S CUMULATIVE ERRORS DENIED DEFENDANT A FAIR AND RELIABLE TRIAL.

In defendant's supplemental self-represented brief, she argued:

5

I. PETITIONER'S ASSIGNED COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE A[T] TRIAL BY FAILING TO EFFECTIVELY CROSS[-]EXAMINE THE PROSECUTION WITNESSES.

II. EVIDENCE SEIZED BY POLICE WITHOUT A WARRANT FROM PETITIONER'S POCKETBOOK WAS USED AS EVIDENCE DURING HER INTERROGATION AND AT TRIAL, INSTEAD OF BEING SUPPRESSED, VIOLATING PETITIONER'S CONSTITUTIONAL PROTECTION AGAINST UNREASONABLE SEARCH AND SEIZURE.

III. THE STATE'S FAILURE TO TURN OVER TO THE DEFENSE THE RESULTS OF THE HANDWRITING ANALYSIS ON THE ALLEGED SUICIDE NOTE WAS A VIOLATION OF BRADY V. MARYLAND.[2]

In accordance with our opinion, on remand the PCR court heard oral argument in December 2022. Following the argument, the PCR court denied defendant's petition on January 2, 2023. In its opinion, the court found that based on the testimony of defense counsel and defendant at the evidentiary hearing, an evidentiary hearing was not warranted. The court further found that the dismissal of defendant's ineffective assistance of counsel claims based on the alleged inadequate advice in connection with the State's plea offer and the failure to present an insanity or diminished capacity defense at trial were

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

rejected on direct appeal and, therefore, were procedurally barred pursuant to

Rule 3:22-5.[3]

On appeal, defendant raises the following argument in her counsel's brief:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR ABRIDGING HER CONSTITUTIONAL RIGHT TO TESTIFY AT THE MIRANDA HEARING; IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED BECAUSE THE PCR COURT FAILED TO STATE SEPARATELY ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THIS CLAIM.

In her self-represented brief, defendant argues:

> I. EVIDENCE SEIZED BY POLICE WITHOUT A WARRANT FROM DEFENDANT['S] POCKETBOOK WAS USED AS EVIDENCE DURING HER INTERROGATION AND AT TRIAL INSTEAD OF BEING SUPPRESSED VIOLATING DEFENDANT['S] CONSTITUTIONAL PROTECTION AGAINST UNREASONABLE SEARCH AND SEIZURE.
>
> II. THE STATE WITHHELD EXCULPATORY HANDWRITING ANALYSIS RESULTS.

---

[3] The court's January 2, 2023 order contains a typographical error and incorrectly cites Rule 3:22-25; rather than Rule 3:22-5.

III. TRIAL COUNSEL ASSIGNED PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE AT TRIAL BY FAILING TO EFFECTIVELY CROSS-EXAMINE THE PROSECUTION WITNESS.

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). Nonetheless, we review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 420 (2004). The de novo standard of review also applies to mixed questions of fact and law and when the PCR court does not conduct an evidentiary hearing. Ibid. (citing McCandless v. Vaughn, 172 F.3d 255, 265 (3d Cir. 1999)).

"[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." State v. Preciose, 129 N.J. 451, 476 (1992) (citing R. 3:22-5). The application of these standards requires the "'[p]reclusion of consideration of an argument presented in [PCR] proceedings . . . if the issue raised is identical or substantially equivalent to that adjudicated previously on direct appeal.'" State v. Marshall, 173 N.J. 343, 351 (2002) (quoting State v. Marshall, 148 N.J. 89, 150 (1997)).

A PCR claim is based upon the "same ground" as a claim already raised by direct appeal when "the issue is identical or substantially equivalent" to the issue previously adjudicated on the merits. State v. McQuaid, 147 N.J. 464, 484 (1997) (internal quotation marks and citations omitted). "Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of conviction by presenting contentions that could not have been raised on direct appeal." State v. Afandor, 151 N.J. 41, 49 (1997) (citing McQuaid, 147 N.J. at 482-83).

Rule 3:22-5 provides that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings." Therefore, a PCR petition is not "an opportunity to relitigate a claim already decided on the merits." McQuaid, 147 N.J. at 483.

Applying these principles, the PCR court correctly determined that the remaining issues presented in defendant's PCR petition on remand were previously adjudicated on direct appeal. We agree. We considered and rejected defendant's arguments related to her state of mind and the waiver of Miranda rights. Defendant renewed those arguments in her PCR petition. We also hold

defendant's argument that the State withheld exculpatory handwriting analysis was improper under Rule 3:22-4 because it was not raised on direct appeal.

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of counsel on any of her asserted claims. Moreover, we are satisfied the PCR court appropriately concluded defendant's remaining PCR claims did not warrant a further evidentiary hearing. See Preciose, 129 at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION